UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,    )
                             )
     v.                      )    Cr. No. 00-10335-MLW
                             )
JOHN THOMAS,                 )
        Defendant.           )

MEMORANDUM AND ORDER

WOLF, D.J.                                      September 7, 2012

Defendant John Thomas is serving a 188-month sentence, imposed by this court on October 17, 2001, for conspiracy to possess with intent to distribute, possession with intent to distribute, and distribution of cocaine base. As a result of Amendments 750 and 759 to the United States Sentencing Guidelines ("U.S.S.G."), which, effective November 1, 2011, apply to retroactively reduce the offense levels for crimes involving crack cocaine, Thomas moved for a reduction of his sentence pursuant to 18 U.S.C. §3582(c)(2) and U.S.S.G. §1B1.10 (the "Motion"). Although Thomas is represented by counsel, he filed the Motion pro se. The parties filed a Joint Status Report concerning the Motion on February 28, 2012.

The parties and the Probation Office agree that the defendant is ineligible for a sentence reduction because he was sentenced as a career offender under U.S.S.G. §4B1.1, not under the crack cocaine provisions of U.S.S.G. §2D1.1. Pursuant to 18 U.S.C. §3582(c)(2), a defendant's sentence may only be reduced if he was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." In United States v. Caraballo, the First Circuit held, "before a

district court can consider a sentence modification . . . . it must satisfy itself that the original sentence was 'based on a sentencing range that has subsequently been lowered.'" 552 F.3d 6, 9 (1st Cir. 2008). When a court uses a sentencing range for a crack offender that is based on the career offender Guidelines, "to say that the defendant's sentence was 'based on' the crack cocaine guideline strains credulity." Id. at 10.

The First Circuit has held that career offenders are not categorically ineligible for resentencing under the 2007 crack cocaine amendments. See United States v. Cardosa, 606 F.3d 16, 20 (1st Cir. 2010). However, in Cardosa, the court determined that, although the defendant qualified as a career offender, he was sentenced pursuant to the crack cocaine Guidelines, because the district judge sentencing him stated that the career offender guideline was not "a true reflection of Mr. Cardosa's criminal history" and that he was "depart[ing] downward in this matter under the guidelines to the offense level computation without the career offender status." Id. at 21.

Here, the parties and Probation correctly agree that Thomas was sentenced pursuant to the Career Offender Guidelines, not the crack cocaine Guidelines. The court determined that Thomas's Guideline range, based on his undisputed status as a Career Offender, was 188 to 235 months, and sentenced him to 188 months, the low end of the range. See Oct. 16, 2001 Tr. at 22, 56. The

2

court did not depart downward or reference the applicable crack cocaine Guidelines in sentencing Thomas. Accordingly, Thomas's sentence was based on the Career Offender Guideline range, and he is not entitled to a reduction in his sentence.

Thomas has previously filed two motions for resentencing due to the Amendments to the crack Guidelines. For the reasons described above, those motions are also unmeritorious.

Accordingly, it is hereby ORDERED that:

1. The Motion (Docket No. 165) is DENIED.

2. The First Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense (Docket No. 151) is DENIED.

3. The Second Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense (Docket No. 163) is DENIED.

                    /s/ Mark L. Wolf
            UNITED STATES DISTRICT JUDGE